JAMES H. VAN INWEGEN, Respondent, *v.* THE NEW YORK, LAKE ERIE AND WESTERN RAILROAD COMPANY, Appellant.

*Opinion of a plaintiff — not binding on a jury though it render a verdict in his favor.*

The opinion of a plaintiff as to whether a certain act was malicious, and not performed in the service of the defendant, is not binding upon the jury although it renders a verdict in his favor.

APPEAL by the defendant, The New York, Lake Erie & Western Railroad Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Orange on the 5th day of July, 1893, upon the verdict of a jury for $375, after a trial at the Orange County Circuit, and also from an order entered in said clerk's office on the 9th day of August, 1893, denying the defendant's motion to set aside the verdict and for a new trial, made upon the minutes.

This action was brought to recover damages for personal injuries alleged to have been sustained by the plaintiff by reason of the frightening of the team which he was driving, causing them to become unmanageable and to run away, whereby he was thrown violently from his wagon. The complaint alleged that his team was frightened by an employee of the defendant's causing a whistle attached to their locomotive to be suddenly and violently blown and at the same time causing steam to be emitted from such locomotive in large quantities, without the slightest reason or cause therefor, and against the request of the plaintiff.

*Lewis E. Carr*, for the appellant.

*John W. Lyon*, for the respondent.

PRATT, J. :

The principal argument urged against the verdict is that if plaintiff was correct in his interpretation of the engineer's action it was willful and malicious, and not performed in the service of defendant.

The answer to that argument is that the opinion of the plaintiff was not binding on the jury, who were the judges of that question.

The engineer testified that he blew the whistle in the course of his duty for the purpose of moving the cars. The jury had a right to believe the engineer. They were also authorized by the testimony to find that the action of the engineer was heedless and without due regard to the situation of the plaintiff.

The charge of the court correctly laid down the law and the testimony warranted the verdict.

The judgment should be affirmed.

CULLEN and DYKMAN, JJ., concurred.

Judgment and order denying new trial affirmed, with costs.